UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RECO RONTAZA WILLINGHAM** | : | **CIVIL ACTION NO. 13-cv-10** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **JOSEPH P. YOUNG** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the application for a writ of habeas corpus by petitioner, Reco Rontaza Willingham. Petitioner is an inmate in the custody of the Federal Bureau of Prisons and is incarcerated at the Federal Correctional Institute in Oakdale, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

**I.  Statement of the Case**

On October 1, 2009, petitioner pled guilty to numerous criminal charges relating to various drug activities, including continuing criminal enterprise, possession with Intent to distribute cocaine, attempt to possess with intent to distribute cocaine, possession with the Intent to distribute marijuana, money laundering, and possession of a firearm in furtherance of a drug trafficking crime. *United States v. Willingham*, No. 5:08-cr-00242 (N.D. Ala.), Doc. 387. Petitioner was sentenced to a total term of imprisonment of 188 months on January 29, 2009. No direct appeal was taken.

On September 2, 2011, petitioner filed a motion for retroactive application of sentencing guideline to crack cocaine pursuant to 18 U.S.C. § 3582(c)(2). *Id*. at Doc. 839. The motion was denied on September 7, 2011. *Id*. at Doc. 840.

On August 13, 2012, petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *Willingham v. United States*, 5:12-cv-8034 (N.D. Ala.), Doc. 1. The motion was denied on October 9, 2012. *Id*. at Doc. 11. Petitioner also filed an appeal as well as a motion for reconsideration, both of which were denied. *Id.* at Docs. 16 & 17.

Petitioner filed the instant application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 2, 2013, in which he again attacks his conviction. He claims that he is actually innocent of the crimes of conducting a continuing criminal enterprise, possession of a firearm in furtherance of drug trafficking, and money laundering. Petitioner also argues that his counsel was ineffective, that his multiple controlled substance convictions violate the Double Jeopardy Clause of the Fifth Amendment, that prosecutorial misrepresentation led to the false inducement of his guilty plea, that his arrest was warrantless, and that he was subjected to numerous illegal searches and seizures.

## II.     Law and Analysis

Petitioner styles this action as an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He attacks the legality of his conviction. However, since he is not contesting the manner in which the sentence is being executed, his claim is more appropriately raised in a motion to vacate pursuant to 28 U.S.C. § 2255. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).

Petitioner may challenge the legality of his conviction by way of 28 U.S.C. § 2241 only to the extent that he satisfies the "savings clause" of 28 U.S.C. § 2255. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). This "savings clause" provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced

>him, or that such court has denied him relief, *unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added).

Petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). He must establish: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense, and (2) the claim was foreclosed by circuit law at the time when it should have been raised at trial, appeal, or first section 2255 motion. *Reyes-Requena*, 243 F.3d at 904. The fact that a prior section 2255 motion was unsuccessful or that the petitioner is unable to meet the statute's second or successive requirement does not make the remedy inadequate or ineffective. *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has failed to show that the remedies afforded by 28 U.S.C. § 2255 are ineffective or inadequate. He has not identified a retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense, nor has he shown that his present claims were foreclosed by circuit law at any relevant time.

### III. Conclusion and Recommendation

For the reasons stated herein, IT IS RECOMMENDED that the instant application be DENIED and DISMISSED WITH PREJUDICE.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

-4-

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 16th day of August, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE